IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00264-MEH

FURAT YOUSIF,

    Applicant,

v.

DEPARTMENT OF HOMELAND SECURITY, and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.

---

## ORDER OF DISMISSAL

---

Before the Court is Respondents' Motion to Dismiss for Lack of Jurisdiction (ECF No. 25). The parties have consented to the jurisdiction of this Magistrate Judge (*see* ECF Nos. 17, 18, 20). For the reasons set forth below, the Court grants the Motion, denies the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) as moot, and dismisses this action without prejudice for lack of jurisdiction.

**I. BACKGROUND**

Applicant Furat Yousif was detained at the Aurora Detention Center in Aurora, Colorado. On January 30, 2019, he filed *pro se* a Petition for a Writ of Habeas Corpus that sought a remedy under 28 U.S.C. § 2241 (ECF No. 1). At the Court's direction (ECF No. 3), he paid the filing fee (ECF No. 4) and filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form (ECF No. 7). The Amended Application (ECF No. 7) is the operative pleading.

In the Amended Application, Applicant alleged that a final order of removal was entered on September 19, 2018, and his removal to Iraq was not reasonably foreseeable. (ECF No. 7 at 7-10). He requested "relief under *Zadvydas*, or any relief as the Court deems just and proper." (*Id.* at 13).

The Court directed Respondents to show cause as to why the Amended Application should not be granted. (ECF No. 12). After review of the parties' filings, the Court directed Respondents to file supplemental briefing. (ECF No. 24). On May 24, 2019, Respondents filed the Motion to Dismiss for Lack of Jurisdiction presently before the Court. (ECF No. 25). In the Motion, Respondents represent that Applicant was removed to Iraq on May 15, 2019, and released from the United States' custody there. (*Id.* at 2).

Applicant has not filed a Response to the Motion. (*See* Docket). On May 29, 2019, mail addressed to Applicant was returned to the Court as undeliverable, indicating "Not here/Deported 5/16/2019." (ECF No. 26).

II. **ANALYSIS**

Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). An application for habeas corpus pursuant to 28 U.S.C. § 2241 may be granted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2241(c)(1) ("[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody").

Article III of the United States Constitution restricts the decision-making power of

the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.* (citation omitted).

Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury;

(2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation omitted) (holding that the petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention).

In the Amended Application, Applicant challenged the lawfulness of his continued detention in light of the alleged expiration of the removal period. (ECF No. 7). He requested release "per *Zadvydas*." (*Id.* at 13). Respondents filed a Declaration of an ICE Deportation Officer, declaring under penalty of perjury that, "[o]n May 16, 2019, the Petitioner was repatriated to his native Iraq via travel on a commercial airline. The Petitioner was accompanied by two [ICE Enforcement and Removal Operations] escort officers on the commercial flight and throughout the repatriation process." (ECF No. 25-1 at 2, para. 5).

Applicant has filed nothing on the docket indicating that he remains in custody or suffers some ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that this case is moot, because Applicant has obtained the relief he requested: he has been released from detention and ICE custody. The Court finds that Applicant has failed to set forth any reason as to why his claims are not mooted by his release.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. Exception (1) is not implicated because Applicant has not alleged or shown any collateral injury resulting from his former detention. *See Ferry v.*

*Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting petitioner's argument of collateral consequences because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention").

Exception (2) does not apply because any concern that Applicant might be detained again for a prolonged period is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982).

Exception (3), the "voluntary cessation" doctrine, provides Applicant no recourse because there is no indication that Respondent has released Applicant with the intention of later revoking that release, simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).

Exception (4) does not apply because this is not a properly certified class action lawsuit. *Riley*, 310 F.3d at 1257.

## III. CONCLUSION

Based on the above findings, the Court concludes that Applicant's release from detention and ICE custody moots the Amended Application. For the reasons stated herein, it is

**ORDERED** that Respondents' Motion to Dismiss for Lack of Jurisdiction (ECF No.

5

25) is GRANTED. It is further

**ORDERED** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. It is further

**ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is further

**ORDERED** that leave to proceed in forma pauperis on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 20th day of June, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge